**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 16 C 8989<br><br>Judge<br><br>Magistrate Judge |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| A&A DRYWALL AND TAPING SERVICES, INC., an Illinois corporation, and ARTURO CHAVEZ, Individually, | ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, by their attorneys, Donald D. Schwartz, James R. Anderson, Grant R. Piechocinski and ARNOLD AND KADJAN,

1

complain against Defendants **A&A DRYWALL AND TAPING SERVICES, INC**.,and **ARTURO CHAVEZ, Individually,** as follows:

## COUNT I

### Jurisdiction and Venue

1.      Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331, and  Section 301 of the National Labor Relations Act, 29 U.S.C. 185 ( c ), as amended.

2.      The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3.      The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4.      The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council #14 and its affiliated locals (the "Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5.    The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6.    Defendant **A&A DRYWALL AND TAPING SERVICES, INC. ("A&A")**, an Illinois corporation, is an employer engaged in an industry affecting commerce which entered into a collective bargaining agreements ("Labor Agreement") with the Union on or about May 5, 1999 whereby **A&A** agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations.  A copy of the Labor Agreement is attached as "Exhibit A." Defendant, **ARTURO CHAVEZ**, at  pertinent times herein,   has been   the president of **A&A** and is a person who resides in this judicial district.

### The Agreements

7.    Pursuant to the provisions of the Labor Agreement, **A&A**    is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, **A&A** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8.    Under the terms of the Labor Agreement and Trust Agreement to which it is bound, **A&A**   is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **A&A**   is in compliance with its obligation to contribute to the Funds.   In addition, the Labor Agreement and the Trust Agreements require **A&A** to pay

3

liquidated damages, interest, auditors' fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

9.      Article 16 of the Labor Agreement requires signatory employers, such as **A&A** to  provide a bond in the amount of Fifty  Thousand Dollars ($50,000.00)  for the prompt payment of fringe benefit fund contributions before commencing work covered by the Labor Agreement.  In  the event that the employer is a corporation, the failure to provide the bond results in liquidated liability in the amount of at least Fifty Thousand Dollars   and the imposition of personal liability upon each corporate official of that employer who is empowered to execute agreements or sign checks on behalf of the corporation.  Defendant **ARTURO CHAVEZ**,  at pertinent times herein,   has been a corporate official of A&A, empowered to   execute agreements and/or   sign checks on behalf  of   the corporation.

## The Claim

10.      Plaintiffs obtained an audit of **A&A,** that alleges   **A&A** has breached the provisions of the Labor Agreement and Trust Agreements by failing to pay all of the amounts   for the audit period of  **June 1, 2006 through   April 30, 2016**  in the amount of  **$46,124.61.** Since **A&A** performed work without providing the bond required by the Labor Agreement. **A&A**, **ARTURO CHAVEZ** is   personally liable for all amounts owed by the corporation. In 2016, **A&A**   employees performed work without providing the bond.

4

11.     Plaintiffs have been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due and owing from **A&A** and **CHAVEZ**.

12.     **A&A** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs based   on the Labor Agreement, Trust Agreements, and 29 U.S.C. Section 1132(g)(2)(D).

13.     Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

> (i)     interest on the unpaid contributions; or

> (ii)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.     That judgment be entered in favor of Plaintiffs and against **A&A** and **CHAVEZ** in the amount shown   to be due   on the audit;

B.     That Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 15%, and interest, all as provided in the applicable agreements and ERISA Section 502(g)(2).

C.     This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS
AND DECORATORS PENSION FUND, et al.,**


By:  /s/      James R. Anderson
          One of their Attorneys

5

DONALD D. SCHWARTZ
JAMES R. ANDERSON
GRANT R.   PIECHOCINSKI
ARNOLD AND KADJAN
203 N. LaSalle St., Ste. 1650
Chicago, Illinois 60601
(312) 236-0415